

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00202-CR

---

BRIAN JAMES LACY, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2329934

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Brian James Lacy pled guilty to obstruction or retaliation, a third-degree felony. *See* Tex. Penal Code Ann. § 36.06(c) (Supp.). Pursuant to a plea bargain, Lacy was placed on deferred adjudication community supervision for seven years. In a motion to proceed with an adjudication of guilt, the State alleged that Lacy violated the terms and conditions of his community supervision by failing to submit to a random drug test. After Lacy entered an open plea of true to the State's allegation, the trial court adjudicated Lacy's guilt and sentenced him to ten years' imprisonment.

On appeal, Lacy argues that his constitutional rights to confrontation and due process were violated during the punishment hearing when a witness testified about "out-of-court statements by absent witnesses." The State argues that Lacy failed to preserve his sole complaint for our review. We agree. As a result, we affirm the trial court's judgment.

I.      **Lacy Failed to Preserve His Sole Complaint**

The State's indictment for the underlying offense alleged that Lacy intentionally or knowingly retaliated by threatening to harm the Honorable Eddie Northcutt, the judge presiding over a family-law matter involving Lacy, "by posting a picture of a man being cut open by two people on [Judge Northcutt's] Facebook page titled 'Eddie Northcutt for District Judge' with the comment, 'This is what they used to do to corrupt Judges! Kind of looks like you doesn't it Judge?'"

In his plea paperwork and in open court, Lacy stipulated to the evidence against him and waived his right to confront and cross-examine witnesses against him.[1]  Lacy further swore in writing that the State's allegation against him in its motion to adjudicate Lacy's guilt was true. Lacy also pled true to the allegation in open court.  After accepting Lacy's plea, the trial court heard testimony from Judge Northcutt about the underlying allegation of obstruction or retaliation, to which Lacy had previously pled guilty.

During Lacy's punishment hearing, Judge Northcutt testified that he presided over a family-law matter involving Lacy, and that the case was transferred to him after Lacy confronted the judge of the transferring court and scared the court reporter "to death."  Lacy objected to that testimony on confrontation clause grounds, and the objection was sustained by the trial court. Without objection, Judge Northcutt testified that the judge of the transferring court had placed Lacy in contempt and sentenced him to confinement in county jail, that the case was transferred to Northcutt, he issued a ruling in Lacy's family-law matter, and within two months of the ruling, law enforcement contacted him about a threat from Lacy.  Also, without objection, Judge Northcutt, who had a sister who committed suicide, testified that Lacy sent Lacy's mother-in-law a text message stating, "Maybe that Judge has a conflict of interest; dot, dot, dot.  Oh wait, he does because he voiced what happened to his sister.  She killed herself.  Before long the Judge will be with her where she resides."  Judge Northcutt continued to testify about Lacy's threats, including those on Facebook, and the impact of those threats, without objection.

---

[1]Lacy's plea paperwork was admitted as evidence.

A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). To preserve a complaint for our review, a "defendant must object and pursue his objection to an adverse ruling . . . to complain on appeal about the argument." *Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018) (citation omitted); *see* TEX. R. APP. P. 33.1(a); *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). "It is well settled that when an appellant has been given all the relief he or she requested at trial, there is nothing to complain of on appeal." *Kay v. State*, 340 S.W.3d 470, 473 (Tex. App.—Texarkana 2011, no pet.) (citing *Nethery v. State*, 692 S.W.2d 686, 701 (Tex. Crim. App. 1985); *Lasker v. State*, 573 S.W.2d 539, 543 (Tex. Crim. App. [Panel Op.] 1978)).

Here, the reporter's record shows that Lacy did not raise a due-process complaint at trial and that he only lodged one confrontation-clause objection, which was sustained by the trial court. As a result, Lacy failed to preserve his appellate complaint for our review.

## II.     Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     June 10, 2026
Date Decided:       July 1, 2026

Do Not Publish